UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEESPRING, INC.,<br><br>           Plaintiff,<br><br>      v.<br><br>BRADLEY JOHN PUETZ,<br><br>           Defendant. | Case No.  15-cv-04149-VC<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Re: Dkt. No. 78 |

      Teespring brought this case, seeking a declaration that it had not infringed a copyright entitled "I'm the Infidel Allah Warned You About" allegedly owned by Bradley Puetz.  The phrase and an accompanying image involving a skull with a U.S. flag bandana covering its mouth and the Arabic word for "infidel" on the forehead were sold on apparel by a Teespring user "US Infidels" in a series of apparently quite successful campaigns on the Teespring website.  Puetz, asserting that he owned a copyright in the artwork, brought counterclaims for copyright infringement against Teespring and third-party claims for infringement against the owner of the "US Infidels" account on Teespring, Jonathan Maginnis.

      Maginnis moves to dismiss the claims against him for: (1) lack of personal jurisdiction and (2) failure to state a claim.  Alternatively, Maginnis moves to transfer venue over the claims against him to the Eastern District of Pennsylvania.

Motion to Dismiss for Lack of Personal Jurisdiction

      Maginnis's motion to dismiss for lack of personal jurisdiction is denied.  A court may have personal jurisdiction over a nonresident defendant based on "general" or "specific" jurisdiction."  *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).  While the Court

does not have general personal jurisdiction over Maginnis, it does have specific personal jurisdiction in this case.

Specific jurisdiction is appropriate where: (1) a nonresident defendant purposefully directs his activities towards the forum state; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Maginnis's contentions principally run to parts one and three of this test.

*Purposeful Direction*

Purposeful direction is analyzed in tort and related cases based on a three-part test derived from *Calder v. Jones*, 465 U.S. 783 (1984), "that the defendant have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805 (9th Cir. 2004)*, quoting Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002). The intentionality of Maginnis's act of posting his design on Teespring is not in dispute. *See also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Maginnis argues, however, that he never aimed at California or caused harm he knew was likely to be suffered in California. Puetz, in response, asserts two types of acts expressly aimed at California: (1) conduct under Maginnis's contract, governed by California law, with Teespring, a company with its principal place of business in California; and (2) the sales of apparel with Maginnis's allegedly infringing design in California.

While the contract with Teespring alone is not sufficient to satisfy the requirements of purposeful direction, the conduct under the contract is sufficient. The Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), "emphasized the need for a highly realistic approach that recognizes that contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Id.* at 471 (internal quotation marks and citation omitted). The contract

with Teespring, transmission of the design to Teespring, and sales through the Teespring platform support a finding of purposeful direction. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1264 (6th Cir. 1996). The Ninth Circuit has described the volume of interactions as important to finding personal jurisdiction. A single sale through the Teespring platform would likely not have been sufficient, but Puetz asserts a large volume of sales. *See* dkt. 83 at 3 (asserting that Maginnis received $385,343 from Teespring for one of the campaigns); *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008).

     As to the sale of goods to consumers in California, the Supreme Court has held that "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98. Maginnis cannot disclaim jurisdiction because a third party, Teespring, was responsible for the marketing and sale of his design. Maginnis describes himself as the victim of undesired actions by Teespring, which made his design available in California by "random, fortuitous act." Dkt. 78 at 6. He declares that, in essence, because Teespring intermediated his relationship with California customers, personal jurisdiction is improper because any effect would merely be foreseeable and not the result of purposeful direction. *See Walden v. Fiore*, 134 S. Ct. 1115, 1124. He does not claim, though, that he was unaware that Teespring sells merchandise in California or advertises in California, just that he has never personally sent merchandise to California or intentionally directed advertising towards California. Maginnis's alleged actions in this case are not analogous to setting up a passive website without interactive capabilities. In that situation, several courts have found a lack of personal jurisdiction based on the availability of the website in the forum state. *See, e.g.*, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997); *Pavlovich v. Superior Court*, 58 P.3d 2 (Cal. 2002). The point of Maginnis posting his design on Teespring was for people to purchase apparel with that design, resulting in payments to Maginnis. *See Brayton Purcell*. 606 F.3d at

3

1130.

*Relationship*

The conduct described above is the basis for the claims against Maginnis, so the second part of the personal jurisdiction test is satisfied.

*Fair Play*

It is a defendant's burden to show that personal jurisdiction would be unfair. *Burger King*, 471 U.S. at 477. The fair play inquiry balances seven factors: "1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum." *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991); *see Ziegler v. Indian River Cty.*, 64 F.3d 470, 474 (9th Cir. 1995) (stating the third factor as "the extent of conflict with the sovereignty of the defendant's state).

On balance, personal jurisdiction is not unfair in this case. Maginnis's purposeful interjection into California affairs includes both his relationship with Teespring and the sale through Teespring of products with his allegedly infringing design. Maginnis may be burdened in terms of travel and case preparation, but the fairness inquiry does not require litigation in the forum most convenient for the defendant. There is no indication in the motion that Maginnis would be prejudiced here, and this dispute will be far more efficiently resolved here than in a new court, an interest that serves California as the home of Teespring, serves Puetz, and likely serves Maginnis as well.

<u>Motion to Dismiss for Failure to State a Claim</u>

Maginnis's motion to dismiss for failure to state a claim is also denied. Puetz has alleged facts sufficient to "state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To state a claim for copyright infringement, Puetz must have pled: (1) ownership of a valid copyright; and (2) copying of protected elements.

*See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

There appears to be no dispute that Puetz has sufficiently alleged ownership. A copyright registration certificate from the Copyright Office serves as prima facie evidence of ownership. *Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.*, 307 F.3d 775, 781 (9th Cir.2002). Puetz has also sufficiently alleged copying, providing facts to show both access and substantial similarity of the designs. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Circumstantial evidence of reasonable access may be proven through "(1) a particular chain of events [linking] a plaintiff's work to a defendant's access to that work . . . or (2) the plaintiff's work has been widely disseminated." *Three Boys Music Corp.*, 212 F.3d at 482. Though the counterclaim and third-party complaint is unclear on where or how the design was marketed, dkt. 62 at 8, the marketing of the design may be sufficient to show that Maginnis had access to it. Similarly, while Maginnis may ultimately disprove copying by showing that he created his design before he had access to Puetz's design, courts do not weigh competing factual accounts in adjudicating a motion to dismiss. As to substantial similarity, Puetz refers to the design that Maginnis marketed on Teespring as a "replica of the Plaintiff's design." Dkt. 62 at 9. The counterclaim and third-party complaint also includes side-by-side images of a t-shirt sold by Teespring and a t-shirt with Puetz's design, *id.* at 11, clearly showing the similarity between the designs.

Venue Transfer

Maginnis's alternative motion to transfer venue for the claims against him to Pennsylvania is denied as well. Neither the interests of justice nor the convenience of the parties (except perhaps for Maginnis) would be served by transferring venue in this case. 28 U.S.C. § 1404(a). The same issues that underlie the claims in this case against Maginnis are at the heart of Teespring's declaratory judgment action against Puetz and Puetz's counterclaims against Teespring. These claims would continue in this court. It would be inefficient, then, to ask a court in Pennsylvania to address the claims that Maginnis seeks to transfer. Finally, transferring

the case against a single defendant risks inconsistent outcomes, an issue that is particularly pressing given the interrelationship between Teespring and Maginnis's alleged copyright infringement.

**IT IS SO ORDERED.**

Dated: October 12, 2016

VINCE CHHABRIA
United States District Judge