UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEESPRING, INC.,<br><br>        Plaintiff,<br><br>      v.<br><br>BRADLEY JOHN PUETZ,<br><br>        Defendant. | Case No.  15-cv-04149-VC<br><br>**ORDER DENYING SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION MOTIONS**<br><br>Re: Dkt. Nos. 93, 100, 103, 114 |

      Teespring seeks a declaration in this case that it did not infringe Bradley Puetz's copyright entitled "I'm the Infidel Allah Warned You About" when it sold apparel with a design uploaded by Jonathan Maginnis.  Puetz seeks damages and an injunction against Teespring for direct and vicarious infringement and against Maginnis for direct infringement.  Now that discovery has closed, Teespring and Maginnis have brought motions for summary judgment, arguing that Puetz cannot show copyright infringement.  Puetz has moved for temporary restraining orders or preliminary injunctions against Teespring and Maginnis.

      <u>Summary Judgment on Direct Infringement</u>

      Summary judgment is denied to Teespring and Maginnis.  To succeed on a claim of direct copyright infringement against Teespring or Maginnis, Puetz must prove he owns a valid copyright in his design and Teespring or Maginnis copied protected elements of the design.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

      Puetz's copyright registration is prima facie evidence of ownership, but Teespring contests precisely what Puetz owns, arguing that most of the design is not protectable.  *See Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *Shaw*

*v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990), *as amended on denial of reh'g* (Nov. 23, 1990). Teespring observes that some of the individual elements of Puetz's design are not protectable. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010); *Alpi Int'l, Ltd v. Anga Supply, LLC*, 118 F. Supp. 3d 1172, 1176-77 (N.D. Cal. 2015). For example, the parties agree that the slogan "I'm the infidel Allah warned you about" is not copyrightable on its own. It is appropriate, however, to consider the full array of elements (including combinations of otherwise unprotectable elements) involved in the creation of the two designs. *See Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Three Boys Music Corp.*, 212 F.3d at 485; *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987), *as amended* (May 11, 1987). The Ninth Circuit has observed the wide range of expression possible in a drawing. *Mattel*, 616 F.3d at 916. Consistent with his copyright registration, Puetz asserted in his deposition that "[t]he copyright infringement claim is based on the design as a whole." Gray Decl. Ex. B, 52:15-16. "It's the arrangement and the presence. All the aspects that make the design an original piece of art are present in the Maginnis design." Gray Decl. Ex. B, 77:7-9.

Because he does not have direct evidence that Maginnis copied his design, Puetz must show that Maginnis had access to his design and that Maginnis's design is substantially similar to his design. *Three Boys Music Corp.*, 212 F.3d at 481. Alternatively, Puetz may carry his burden on copying by showing that the designs are strikingly similar. *See id.* at 485; *Seals-McClellan v. Dreamworks, Inc.*, 120 F. App'x 3, 4 (9th Cir. 2004); *Baxter*, 812 F.2d at 423-24; 4 Nimmer on Copyright § 13.02[B] ("At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created."). On summary judgment, courts use an "extrinsic" test to assess the similarity of works. *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The extrinsic test is an "objective comparison of specific expressive elements" and focuses on the "articulable similarities" between the works. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Striking similarity can satisfy the access and substantial similarity requirements for

copyright infringement because, when two designs are strikingly similar, a jury may infer that the alleged infringer had access to the copyrighted work.  *See Three Boys Music Corp.*, 212 F.3d at 485 ("[I]n the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar.'"); *Baxter*, 812 F.2d at 424 n.2 ("Proof of striking similarity is an alternative means of proving 'copying' where proof of access is absent."); *Alpi Int'l*, 118 F. Supp. 3d at 1180; *accord Copyright Infringement – Copying – Access Defined*, Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017) ("Access may be shown by . . . a similarity between the plaintiff's work and the defendant's work that is so 'striking' that it is highly likely the works were not created independent of one another . . . .").  Cases discussing access in the context of striking similarity typically do so by way of illustrating just how striking the similarity between the protectable elements of the works must be to give rise to the inference of access.  *See, e.g.*, *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014); *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010).  *But see Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1098-1103, 1098 n.118 (C.D. Cal. 2005).

     A reasonable jury could find that Puetz's and Maginnis's designs are strikingly similar. Although, as Teespring has pointed out, some of the individual elements of the designs may be common and unprotectable, the feel and look of the two designs, reached through a series of design decisions, would support a finding of striking similarity.

     

**Puetz Design**                                    **Maginnis Design**

The two designs include all of the same design elements with no distinct design elements. The clarity, realism, and detail in the designs are similar (and contrast with Maginnis's prior designs). Both skulls have furrowed, accentuated brows and enlarged eye sockets. Both designs place the Arabic word for "infidel" in monochromatic cursive on the forehead of the skull. Both designs include the phrase "I'm the infidel Allah warned you about," with "I'm the infidel" wrapping around the skull and curving less than the skull. Both designs use smaller font for "Allah warned you about" and break the phrase between the words "infidel" and "Allah." The fonts chosen for the all-capital-letter English text are similarly textured. Again, while Puetz has disclaimed a copyright claim based on some of these elements in isolation, he emphasized at his deposition that his claim is based on these choices and others in combination. *See* Gray Decl. Ex. B, 44, 75, 77. And the argument for the similarity of the works is bolstered by Teespring's own emails to Maginnis. Puetz Suppl. Decl. Ex. 1.[1]

Maginnis and Teespring may present evidence that Maginnis independently created his design and therefore did not infringe. *See Three Boys Music Corp.*, 212 F.3d at 486. But Maginnis's evidence of independent creation is not strong enough to entitle him to summary judgment because a reasonable jury could conclude, particularly given the striking similarity between his design and Puetz's design, that Maginnis copied Puetz's design.

<u>Vicarious Copyright Infringement</u>

Summary judgment is also denied to Teespring on vicarious copyright liability. To succeed on a claim of vicarious copyright infringement liability, Puetz must prove that Maginnis infringed Puetz's design, Teespring exercised control over Maginnis's conduct, and Teespring benefitted financially from Maginnis's infringement. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508

---

[1] A separate finding of substantial similarity is not necessary when a court finds that there is a jury question on striking similarity. A jury may infer copying (rather than just access) from striking similarity. *See, e.g.*, *Baxter*, 812 F.2d at 424 n.2. *But see Standard Fabrics Int'l, Inc. v. Dress Barn Inc.*, No. 15-cv-08437-ODW (PJW), 2017 WL 240072, at *4 (C.D. Cal. Jan. 19, 2017). In any event, a jury could find that the designs are substantially similar for the same reasons that it could find them to be strikingly similar. *See Wilson v. Walt Disney Co.*, 123 F. Supp. 3d 1172, 1173 (N.D. Cal. 2015).

F.3d 1146, 1173 (9th Cir. 2007), *as amended* (Dec. 3, 2007). The issue of direct infringement by Maginnis is discussed above. And Teespring does not dispute that it derived a direct financial benefit from Maginnis's alleged infringement.

To establish Teespring's control, Puetz must show that Teespring had "both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Id.* Unlike in *Perfect 10*, in which the direct infringement was on third party websites and Google Image Search just reflected the infringing images on those websites, the alleged infringement here was on Teespring's website. Teespring can (and did in this case) remove listings from its website. That is one of its primary arguments against a preliminary injunction or temporary restraining order. Maginnis's potential ability to infringe elsewhere does not preclude a finding of control. *See id.* at 1173-74; *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) (A registration system could provide control.); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) (A broad contract with swap meet operators could provide control.).[2]

Preliminary Injunction

The motions for temporary restraining orders or preliminary injunctions are denied because Puetz has not shown that he has suffered or will suffer irreparable harm in the absence of an injunction. To receive a preliminary injunction or temporary restraining order, Puetz "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006); *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981 (9th Cir. 2011). If the balance of equities "tips sharply" in Puetz's favor, he may obtain a temporary restraining order if he can show "serious questions going to the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Interim relief

---

[2] The parties have several remaining disputes about the sufficiency of evidence with respect to proof of access and forms of relief that each side may seek. These disputes may be resolved at the pretrial conference by way of motions in limine.

is "never awarded as of right," and the movant bears the burden of showing that the standard has been met. *Winter*, 555 U.S. at 19, 24.

Puetz has not shown he will suffer irreparable harm in the absence of an injunction. This is most obviously so in light of his delay in filing these motions for interim relief. The motion against Maginnis was filed December 20, 2016, and the motion against Teespring was filed February 1, 2017, both more than a year after Teespring filed this lawsuit. Nor is there evidence of consistent, continuing violations. Teespring has removed Maginnis's design and other similar designs from its website. Puetz points in his motions to a few times he has found allegedly infringing designs on Teespring and ViralStyle, but there is uncontroverted evidence that these websites quickly took down the listings. Teespring also has an automated system for identifying and removing listings that include Puetz's design and similar designs. The automated system further decreases the likelihood of irreparable harm to Puetz during this lawsuit.

**IT IS SO ORDERED.**

Dated: March 13, 2017

VINCE CHHABRIA
United States District Judge