Naomi Jane Gray (SBN 230171)
ngray@shadesofgray.law
SHADES OF GRAY LAW GROUP, P.C.
548 Market Street, # 18014
San Francisco, California 9404
Tel.: (415) 746-9260
Fax: (415) 968-4328

Attorneys for
Plaintiff and Counterclaim Defendant
TEESPRING, INC. and
Counterclaim Defendant
JONATHAN MAGINNIS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEESPRING, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>BRADLEY JOHN PUETZ,<br><br>  Defendant. | Case No. C 15-04149 VC (MEJ)<br><br>**TRIAL BRIEF OF PLAINTIFF TEESPRING, INC. AND COUNTER-DEFENDANT JONATHAN MAGINNIS**<br><br>Courtroom:   4<br>Judge:        Hon. Vince Chhabria<br>Trial Date:   May 8, 2017<br>Action Filed: Sept. 11, 2015 |

## INTRODUCTION

A person cannot copy what does not exist. This action stems from the accusation by Defendant Bradley Puetz ("Defendant" or "Puetz") that Counter-Defendant Jonathan Maginnis ("Maginnis") copied Puetz's T-shirt design (the "Desert Tactical Design") and sold infringing shirts on the e-commerce platform of Plaintiff Teespring, Inc. ("Teespring"). The evidence at trial will show that Maginnis created a series of shirt designs culminating in the accused design (the "Maginnis Design"). The undisputed evidence will also demonstrate that Maginnis had assembled virtually all of the elements of the Maginnis Design, and was selling merchandise bearing his earlier designs, well before Defendant completed and began selling merchandise

bearing the Desert Tactical Design.  The evidence will show that Maginnis did not, and could not have, copied the Desert Tactical Design.  Moreover, numerous elements of the Desert Tactical Design are uncopyrightable, and the works do not share any similarity in protectable expression.

**STATEMENT OF FACTS**

Teespring provides an e-commerce platform that allows users to upload their own customized garment designs and launch their own clothing "campaigns."  The user provides the design, sets the price and promotes the product.

On or about June 2, 2015, Maginnis, an individual residing in Pennsylvania, launched a campaign to sell apparel bearing the following design on teespring.com (the "Maginnis Design"):



No Teespring personnel were involved in creating, designing, drawing or uploading the Maginnis Design.  Maginnis is not employed by Teespring.

The Maginnis Design represented the culmination of a series of designs that Maginnis created beginning in October, 2014.  Each design in the series built upon the previous design. Maginnis created the first such design on October 28, 2014 (the "2014 Design"), and began selling shirts bearing the design on teespring.com shortly thereafter.  By February, 2015, Maginnis had assembled a design that included three of the four elements in the final Maginnis Design: (1) a skull (2) wearing an American flag bandana (3) with the Arabic script for INFIDEL stamped on its forehead.  The evidence will show the evolution of the Maginnis Design over this time period as depicted in the annexed Exhibit A.

Defendant and Counterclaimant Bradley J. Puetz ("Defendant" or "Puetz") operates a business called Desert Tactical, which sells a variety of military and tactical gear, including parts for the AR-15 semiautomatic weapon, magazines for rifles and handguns such as the AR-15 and

1  AK-47 rifles, firearm accessories, and related paraphernalia.  Defendant also sells clothing,
2  including a T-shirt bearing the following design (the "Desert Tactical Design"):

8  Defendant created the Desert Tactical Design no earlier than November or December of
9  2014.  The initial design consisted of a skull with a flag bandana and Arabic script, but not the
10 slogan "I'M THE INFIDEL ALLAH WARNED YOU ABOUT."  Defendant did not begin
11 selling apparel bearing the full design, including the slogan, until February 2015.  By that time,
12 Maginnis had assembled a design that included three of the four elements in his final design.
13 Defendant sold the Desert Tactical Design through two channels of trade: (1) on site at
14 gun shows, and (2) via his website. All of the gun shows occurred in Western states where
15 Maginnis had never traveled.  None of the web sales were made to residents of Pennsylvania,
16 where Maginnis lives.  Between February 2015, when Defendant began selling items bearing the
17 Desert Tactical Design, and June 2015, when Maginnis began selling items bearing the Maginnis
18 Design, Defendant sold only a handful of items bearing the Desert Tactical Design through his
19 website.  Defendant does not keep records of the number of items of apparel sold at gun shows.

## LEGAL DISCUSSION

21 The burden of proof in a declaratory judgment action for noninfringement rests squarely
22 on the owner of the asserted intellectual property.  *Marya v. Warner/Chappell Music, Inc.*, 131 F.
23 Supp. 3d 975, 983-84 (C.D. Cal. 2015) (citing *Medtronic, Inc. v. Mirowski Family Ventures,*
24 *LLC,* __ U.S. __, 134 S.Ct. 843, 849 (2014)).  In order to prevail on a claim that Teespring
25 committed direct copyright infringement, Defendant must prove that: (1) Defendant owns valid
26 copyright in the Desert Tactical Design; and (2) Teespring or Maginnis copied it.  *Three Boys*
27 *Music Corp.. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Absent direct evidence of copying,
28 Defendant must prove that Teespring or Maginnis had access to the Desert Tactical Design, and

that the Maginnis Design is substantially similar to the Desert Tactical Design. *Id.* (internal citations and quotations omitted). Alternatively, Defendant can show that the Maginnis Design and Desert Tactical Design are "strikingly similar." The burden then shifts to Teespring and Maginnis to prove independent creation. *Id*. at 486.

## I. THE EVIDENCE WILL SHOW THAT MAGINNIS CREATED THE MAGINNIS DESIGN INDEPENDENTLY.

"[I]f the defendant did not copy as a factual matter, but instead independently created the work at issue, then infringement liability must be denied." 4 Nimmer on Copyright § 13.01 (2015); *U.S. v. Liu*, 731 F.3d 982, 991 (9th Cir. 2013); *see also Three Boys Music*, 212 F.3d at 486; *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir. 1976). The undisputed evidence will show that Maginnis created his design independently.

The Maginnis Design represents the culmination of a series of designs that Maginnis began creating in October of 2014, long before Defendant began distributing the Desert Tactical Design in February, 2015. By that time, all of the elements comprising the Maginnis Design were in place, save an uncopyrightable slogan. The evidence will show that Maginnis conceived this portion of the design from a source other than the Desert Tactical Design: specifically, a third-party design that employed both the slogan and the flag of the State of Texas.

Because Maginnis independently created the Maginnis Design, that design cannot infringe the Desert Tactical Design.

## II. THERE IS NO EVIDENCE THAT MAGINNIS HAD ACCESS TO THE DESERT TACTICAL DESIGN.

"Absent direct evidence of copying, proof of infringement involves *fact-based showings* that the [alleged infringer] had access to the plaintiff's work." *Art Attacks Ink, LLC v. MGA Ent'mt Inc.*, 581 F.3d 1138, 1144 (9th Cir. 2009) (emphasis added). "To prove access, a [copyright owner] must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks,* 581 F.3d at 1144. "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work

4

TRIAL BRIEF OF TEESPRING AND MAGINNIS    No. C 15-04149 VC (MEJ)

1  (such as through dealings with a publisher or record company), or (2) the plaintiff's work has
2  been widely disseminated." *Three Boys Music*, 212 F.3d at 482.
3        Defendant can point to no facts demonstrating that Maginnis had direct access to the
4  Desert Tactical Design.  Moreover, the "public dissemination necessary to infer that a defendant
5  might have had access to the work is considerable." *Loomis v. Cornish*, No. CV 12-5525 RSWL
6  JEMX, 2013 WL 6044345, at *10 (C.D. Cal. Nov. 13, 2013).  Defendant can show only a
7  handful of shirt sales through his website before Maginnis created the Maginnis Design.
8  Defendant did not keep track of his gun show sales and cannot establish access through that
9  channel of trade.  Before creating the Maginnis Design, Maginnis had never attended a gun
10  show, and had never traveled to any of those cities or states.  Moreover, Defendant can produce
11  no evidence showing that Desert Tactical Design merchandise was sold at any of those gun
12  shows to residents of Pennsylvania, where Maginnis lives.  Defendant asserts that Maginnis must
13  have seen the Desert Tactical Design on a social media platform, but he has no evidentiary facts
14  to support that assertion.  Thus, Defendant cannot show that Maginnis had access to his design.

15  **III.   THE EVIDENCE WILL NOT SHOW STRIKING SIMILARITY.**

16        Assuming *arguendo* that Defendant will claim that the disputed works are so strikingly
17  similar that access may be inferred, Defendant will be unable to make the required showing.

> Striking similarity is a high bar. At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created.  That is, to show a striking similarity between works, a plaintiff must produce evidence that the accused work *could not possibly* have been the result of independent creation.

21  *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014) (emphasis in original) (internal
22  quotations and citations omitted).  "A plaintiff has not proved striking similarity sufficient to
23  sustain a finding of copying if the evidence as a whole does not preclude any reasonable
24  possibility of independent creation." *Id.* (citing *Bouchat v. Baltimore Ravens, Inc.,* 241 F.3d 350,
25  356 (4th Cir. 2001); *Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988).)
26        Moreover, "there is no 'striking similarity' even between two identical works so as to
27  warrant an inference of copying to the extent that, albeit copyrightable, they are trite or

commonplace; or if functional considerations can account for the identity; or if plaintiff fails to establish prior creation." 4 Nimmer on Copyright § 13.02 (2015). "In all cases, the task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." 4 Nimmer on Copyright § 13.02 (2015). Many aspects of the Desert Tactical Design are uncopyrightable, "trite or commonplace," or functional. Defendant does not base his claim on any of the individual elements of the design. Defendant concedes that the selection of designs depicting "skulls wearing bandanas" are "not uncommon." Defendant himself conceived the idea of such a design after seeing a similar design on a third party's bumper sticker. With respect to the slogan, Defendant admits both that it is "not original" to wrap the slogan around a graphic in the middle of the shirt, as he did, but also that the decision to do so was dictated by functional concerns, because "it fit best like that."

Even if Defendant were to prove striking similarity, the burden then shifts to Teespring and Maginnis to demonstrate independent creation. As discussed above, the evidence will show that Maginnis independently created his design.

### IV. THE EVIDENCE WILL SHOW NO SIMILARITY OF PROTECTABLE EXPRESSION BETWEEN THE TWO DESIGNS.

The evidence will show that several aspects of the Desert Tactical Design are unprotectable, such as words and short phrases and the American flag. Defendant does not assert that Maginnis copied the skull from the Desert Tactical Design, nor does Defendant base his claim of infringement on any individual element. Instead, his claim is based on the design as a whole. To the extent that his claims are based on the selection, coordination and arrangement of elements in the Desert Tactical Design, copyright in such a work is "thin" and only protected against "virtually identical" copying. Defendant does not assert that Maginnis copied the skull from the Desert Tactical Design, and the remaining elements are either uncopyrightable words and short phrases, or the American flag, which is also uncopyrightable. Therefore, there is no similarity of protectable expression between the two works.

**V.     DEFENDANT CANNOT ESTABLISH THAT HE IS ENTITLED TO JUDGMENT AS TO VICARIOUS LIABILITY.**

There can be no secondary liability without direct infringement by a third party.  *Perfect 10, Inc. v. Google Inc.,* 508 F.3d 1146, 1169 (9th Cir. 2007).  For the reasons stated above, the Maginnis Design does not infringe the Desert Tactical Design.  Consequently, Teespring cannot be secondarily liable for infringement.

**VI.    THE TRIAL SHOULD BE BIFURCATED**

Teespring and Maginnis request that the trial be bifurcated into liability and damages phases.  Bifurcation may be used "for convenience, to avoid prejudice, or to expedite or economize."  Fed. R. Civ. P. 42(b).  A court should consider such factors as the "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result."  *Cravens v. County of Wood, Ohio*, 856 F.2d 753, 755 (6th Cir. 1988).  Copyright is a complex area of law.  Bifurcation would allow the jury to focus solely on liability in the initial stage and would simplify and streamline the presentation of the case.

## CONCLUSION

The evidence at trial will show that Maginnis independently created the Maginnis Design, and that the Maginnis Design and Desert Tactical Design share no similarity of protectable expression.

DATED:  April 19, 2017              Respectfully submitted,

SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY

By:     /s/ *Naomi Jane Gray*
             Naomi Jane Gray

Attorneys for Plaintiff and Counterclaim Defendant
TEESPRING, INC. and Counterclaim Defendant
JONATHAN MAGINNIS

# EXHIBIT A

## Development of Maginnis Design



October 28, 2014
- Maginnis creates initial 2014 Design



January 4, 2015
- Maginnis revises 2014 Design
- Adds Arabic script below skull



January 28, 2015
- Maginnis revises design
- Adds PRIDE below skull
- Moves script to skull forehead



February 13, 2015
- Maginnis revises design
- Removes PRIDE and guns



June 2, 2015
- Maginnis revises design and uploads to teespring.com

December, 2014
- Puetz creates logo of skull with bandana and Arabic script, but without slogan



February, 2015
- Puetz begins selling Desert Tactical Design