Naomi Jane Gray (SBN 230171)
ngray@shadesofgray.law
Donald A. Thompson (SBN 260076)
dthompson@shadesofgray.law
SHADES OF GRAY LAW GROUP, P.C.
548 Market Street, # 18014
San Francisco, California 94104
Tel.: (415) 746-9260
Fax: (415) 968-4328

Attorneys for Plaintiff and
Counterclaim Defendant
Teespring, Inc. and Counterclaim
Defendant Jonathan Maginnis

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TEESPRING, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY JOHN PUETZ, <br><br> Defendant. | Case No. C 15-04149 VC (MEJ) <br><br> **OBJECTIONS TO PROPOSED DIRECT EXAMINATION OF BRADLEY J. PUETZ** <br><br> Trial Date: May 8, 2017 <br> Time: 8:00 am <br> Courtroom: 4, 17th Floor <br> Judge: Hon. Vince Chhabria |

Pursuant to the Court's Order at the pretrial conference (D.N. 155), Teespring, Inc. and Jonathan Maginnis respecfully submit these objections to the questions that Bradley J. Puetz proposes to ask himself on direct examination. Teespring, Inc. and Jonathan Maginnis reserve their objections in the parties' joint exhibit list to the documentary evidence listed therein.

| Citation | Question(s) | Objection(s) |
|---|---|---|
| D.N. 161, 4:28-5:5 | Questions regarding copyright application | Relevance. Objection to form – confusing. |
| D.N. 161, 5:9-10 | Questions regarding registration number and effective date of registration | Relevance. Prejudice. |
| D.N. 161, 5:16-22 | Did the copyright certificate include any addendum from the Copyright Office limiting the registration?<br><br>Did the Copyright Office exclude any element of the Desert Tactical Design?<br><br>Did the Copyright Office refuse to register any specific, individual element of the Desert Tactical Design?<br><br>Did the Copyright Office deny the registration of the Desert Tactical Design in any way? | Objection to form - confusing. Misleading. Best evidence rule. |
| D.N. 161, 8:8-9 | Do you have any common friends with US Infidels?<br><br>How many common friends do you and US Infidels share? | Lack of foundation. Best evidence rule. Hearsay. |
| D.N. 161, 8:16-19 | Can you prove Mr. Maginnis has deleted or otherwise removed content from the US Infidels fan page?<br><br>What evidence do you have to support your claims that content has been removed from the US Infidels website? | Assumes facts not in evidence. Subsequent remedial measure. Prejudice. |
| D.N. 161, 8:20-21 | Do you have evidence that any of the deleted content may have been significantly relevant to this litigation? | Assumes facts not in evidence. Calls for speculation. Prejudice. |

| | | |
|---|---|---|
| D.N. 161, 8:25-28 | Questions regarding retweets of Desert Tactical Design; user accounts that retweeted Desert Tactical Design; and numbers of followers of those accounts | Hearsay. |
| D.N. 161, 9:5-12 | Can you estimate how many pictures are taken of the Desert Tactical Design without permission during an average two-day gun show?<br><br>In your opinion, do you think some of these pictures are subsequently posted on social media sites?<br><br>Approximately how many total shirts bearing the Desert Tactical Design do you estimate you sold between February, 2015 and June 1, 2105?<br>a) Can you estimate the percentage of online shirt sales versus gun show shirt sales of the Desert Tactical Design? | Calls for speculation. |
| D.N. 161, 9:24-26 | Was there any text displayed on or around the upload button?<br><br>Did you read that notice before you uploaded your design?<br><br>Do you have to click that button to upload your design? | Relevance. Prejudice. Best evidence rule. |
| D.N. 161, 9:27-10:1 | Questions regarding price and potential profit of Puetz's purported Teespring campaign | Relevance. |
| D.N. 161, 10:6-7 | Did you notice any links regarding copyright and trademark laws?<br><br>Did you notice any warnings regarding uploading copyright infringing artwork? | Relevance. Prejudice. |
| D.N. 161, 10:8-11:2 | Questions regarding review of teespring.com after June 1, 2015, continued sales of Maginnis Design and other alleged acts of infringement. | Relevance. Prejudice. Subsequent remedial measure. Subject to Motion *in Limine* #2. |
| D.N. 161, 11:17 | Did you demand money or damages from Teespring in June of 2015? | Relevance. Prejudice. Settlement. |
| D.N. 161, 11:23-14:12 | Questions regarding communications between Teespring and Puetz | Relevance. Prejudice. Settlement. Subsequent remedial measure. Subject to |

OBJECTIONS TO PROPOSED DIRECT EXAMINATION                                   Case No. C 15-04149 VC (MEJ)

| | | Motion *in Limine* # 2. |
|---|---|---|
| D.N. 161, 14:14-25 | Did you ever threaten to file a lawsuit against Teespring?<br>a) When did you do so?<br><br>b) Why did you threaten Teespring with bringing forth a lawsuit?<br>2. Why are you the defendant in this litigation and not the plaintiff?<br><br>3. Do you recall how you became aware the Teespring had filed suit against you?<br>a) When did you become aware of the lawsuit?<br>4. Describe your reaction when you found out Teespring filed suit against you.<br><br>Did you contact Teespring once you became aware of the lawsuit?<br><br>How did you contact Teespring?<br><br>What was Mr. Carroll's response?<br><br>Did you ever attempt to settle the lawsuit?<br><br>What was the result of that settlement discussion? | Relevance. Prejudice. Settlement. |
| D.N. 161, 15:8-9 | Has Teespring filed any claims against Mr. Maginnis?<br><br>Has Mr. Maginnis filed any claims against Teespring? | Relevance. Prejudice. Lack of foundation. |
| D.N. 161, 15:13-24 | Questions regarding Teespring financial documents and information. | Lack of personal knowledge. |
| D.N. 161, 15:26-28 | Please describe Exhibit 286.<br><br>Does Exhibit 286 identifiy Mr. Maginnis' profits attributable to the Last Chance to Order campaign? | Lack of personal knowledge. |
| D.N. 161, 16:2-7 | What was the profit amount Mr. Maginnis disclosed contained in Exhibit 286? | Lack of personal knowledge. |

| | | |
|---|---|---|
| | Does that amount match Teesprings "payout amount" category in Exhibit 285 and Exhibit 287?<br><br>What amount did Mr. Maginnis disclose?<br><br>What amount did Teespring disclose? | |
| D.N. 161, 16:8-11 | Do you feel that Teespring would be liable because their profits were less than Mr. Maginnis?<br><br>Do you feel that Mr. Maginnis would have more liability because he profited more than Teespring? | Relevance. Objection to form - Confusing. Calls for a legal conclusion. |

Dated: May 2, 2017

Respectfully submitted,

SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY
DONALD A. THOMPSON


   */s/ Naomi Jane Gray*
Naomi Jane Gray

Attorneys for Plaintiff and Counterclaim Defendant Teespring, Inc. and Counterclaim Defendant Jonathan Maginnis